**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Alberto Berrones, | No. CV 16-385-TUC-JAS (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on June 21, 2016, by Francisco Alberto Berrones, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. None of Berrones's claims are cognizable in a federal habeas corpus petition.

Summary of the Case

Berrones pleaded guilty in case CR-20063848 (the 2006 case) to "two counts of sale and/or transfer of a narcotic drug, three counts of possession of a narcotic drug for sale, and one count of possession of drug paraphernalia." (Doc. 17, p. 4) "He was sentenced to concurrent

prison terms, the longest of which was 9.25 years." *Id*. He pleaded guilty in case CR-20080745 (the 2008 case) to "transportation of marijuana for sale." *Id*. "[H]e was sentenced in 2009 to a four-year prison term, to be served consecutively to the sentences imposed in CR-20063848." *Id*.

In June of 2015, Berrones sent a letter to the trial court, which was interpreted as a petition for post-conviction relief (PCR), arguing he was entitled to additional presentence credit in both cases. (Doc. 17, p. 4) The trial court granted the petition in part giving Berrones "three days' credit in CR-20063848 and twenty-three days' credit in CR-20080745." *Id*.; (Doc. 17, p. 32)

Berrones filed a petition for review with the Arizona Court of Appeals. (Doc. 18, pp. 8-14) He argued he was entitled to additional presentence and postsentence credit in accordance with applicable state law. *Id*. The Arizona Court of Appeals granted review but denied relief on May 31, 2016. (Doc. 17, pp. 3-6) The court held that, to the extent Berrones was arguing his sentence was improper for failing to award additional presentence credit, the claim was untimely. *Id*. The court further held that, to the extent Berrones was arguing he was entitled to additional earned release credits pursuant to § 41-1604.07, his petition was not ripe because such a claim can be raised only in a petition asserting that the petitioner is being held beyond the expiration of his sentence. *Id*., pp. 5-6

On June 21, 2016, Berrones filed the pending petition for writ of habeas corpus in which he argues he is entitled to additional sentencing credits in both cases. (Doc. 1) The district court dismissed the petition because Berrones had previously filed a habeas petition with regard to case CR-20063848 (the 2006 case). (Doc. 7) Berrones appealed, and the Ninth Circuit remanded the action ordering this court to address those claims in the 2006 case that became ripe after his first habeas proceeding and those claims directed to the second case, CR-20080745 (the 2008 case). (Doc. 9) Count V was dismissed along with that part of Count I that was directed toward the sentence imposed in the 2006 case. *Id*.

In the constructively amended petition, Berrones claims (1) he is entitled to 570 days presentence credit from 2/19/08 to 2/21/08 and from 3/18/08 to 10/06/09 in the 2008 case; (2)

- 2 -

he is entitled to postsentence credit of (a) 491 or 461 days in the 2006 case and (b) 23 days in the 2008 case; (3) he is entitled to earned release credits of 81 days from 6/25/08 to 10/29/09 and 77 days from 8/25/08 to 10/29/09 in the 2006 case; and (4) he is being held beyond his release date in the 2006 case. (Doc. 1)

In their answer, the respondents note as a preliminary matter that it appears that the sentence in the 2006 case has already run and therefore all claims directed to that case should be denied as moot. (Doc. 16) They further argue that Berrones's claims are not cognizable in a federal habeas proceeding. *Id*. They further argue that none of his claims were properly exhausted. *Id*.

Berrones filed a reply on August 24, 2017. (Doc. 19) He disputes the respondents' assertion that he failed to properly federalize his claims. (Doc. 19, p. 2)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas review is limited to those issues that have been fully presented to the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim will be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Discussion: Cognizability

Berrones argues in Claims (1)-(4) that he was denied certain presentence and postsentence credits. (Doc. 1) He does not argue, however, that these denials violate "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). He argues only that he is entitled to presentence and postsentence credits in accordance with *state* law. (Doc. 1) His claims are therefore not cognizable, and federal habeas corpus is not available to him.

In Claim (5), Berrones argues sentencing counsel and post-conviction relief counsel in the 2006 case were "ineffective," which is a term ordinarily associated with a federal claim. (Doc. 1, p. 12) This Claim, however, was dismissed by the Ninth Circuit as a violation of the rule against "second or successive" petitions. (Doc. 9, p. 2)

Berrones states for the first time in his reply brief that he is raising Federal Constitutional claims. (Doc. 19) This is not permitted. "[A]rguments and claims may not be raised for the first time in a reply or supplemental brief." *Hardney v. Carey*, 2012 WL 4050070, at *4 (E.D. Cal. 2012); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."); Rule 2(c)(1), Rules Governing Section 2254 Cases ("The petition must specify all the grounds for relief available to the petitioner.").

The court further observes that amending the petition to federalize the claims would be futile because Berrones did not alert the Arizona Court of Appeals that he was raising a Federal Constitutional claim. (Doc. 18, pp. 8-14)

In his reply brief, Berrones maintains that he *did* alert the Arizona Court of Appeals that he was raising such a claim. (Doc. 19, p. 2) He argues he did so by citing to federal case, *Fraley*, in the addendum to his petition for review. (Doc. 19, p. 2) (citing *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Berrones did cite *Fraley*, but he did not cite to it in a way that would alert the Arizona Court of Appeals that he was asserting a Federal Constitutional claim. (Doc. 18, p. 14) He cited this case only for the proposition that "further attempts at administrative remedies would be futile." (Doc. 18, p. 14)

The court notes that the petitioner in *Fraley* was a federal prisoner, not a state prisoner. The case therefore does *not* stand for the proposition that a state's denial of presentence credits or postsentence credits is a violation of the Federal Constitution. *Fraley* is inapposite to the pending petition.

Discussion: Exhaustion

In the alternative, the court finds that none of Berrones's claims were properly exhausted and therefore habeas corpus relief is not available.

Berrones's claims that the trial court failed to award *presentence* credit were denied by the Arizona Court of Appeals as untimely. (Doc. 17, pp. 3-6) These claims are procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

His claims that he is entitled to *postsentence* credit were dismissed by the Arizona Court of Appeals as unripe because they may be raised only after the sentence expires. These claims were not properly exhausted and therefore cannot be the basis for habeas relief. 28 U.S.C. § 2254(b)(1)(A).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. Reply briefs are not permitted absent permission from the District Court.

DATED this 11th day of September, 2017.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge